UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-60825-WPD

YANNICK BANDALI

Plaintiff

v.

THE LEUKEMIA AND
LYMPHOMA SOCIETY, INC.

Defendant

_____/

**PLAINTIFF's RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby responds to the Defendants Motion to Dismiss Amended Complaint and states as follows:

1.     This action is an action by Yannick Bandali ("Bandali") against his former employer The Leukemia and Lymphoma Society, Inc. ("Leukemia") for violations of the Florida Civil Rights Act.  The Amended Complaint filed on May 18, 2026 (D.E. 20) alleges two counts.  Count I alleges failure to accommodate based upon Bandali's disability and Count II alleges retaliation in that Leukemia terminated Bandali, on May 1, 2023,  based upon his disability  and in retaliation for filing an EEOC Charge on April 12, 2023 ("First Charge").  Bandali filed an additional Charge of Discrimination ("Second Charge") on August 27, 2024.  The Second Charge alleges additional acts of discrimination subsequent to this First Charge as well as his termination in retaliation for filing the First Charge with the EEOC.

2.     To be clear, contrary to the arguments of Defendant's counsel, the claims initially brought by the Plaintiff arising out of his first Charge of Discrimination , filed on April

12, 2023, were dismissed, not because this Court agreed that they needed to be brought within one year.  They were dismissed as a penalty based upon the undersigned's failure to timely respond to the first Motion to Dismiss filed in this action.  As set forth in the Motion for Reconsideration (D.E. 18) filed with this Court, the legal arguments made by Defendant were not well-founded under Florida law.

3.	This Courts Order of Reconsideration dated May 11, 2026 (D.E. 19) ordered that an Amended Complaint could be filed "based upon the Second Charge , only."  This is exactly what the Plaintiff filed in his Amended Complaint.  Count I of the Amended Complaint brings claims for failure to accommodate since April 12, 2023, including instances of discrimination on April 27, 2023 (¶ 10), April 29, 2023 (¶ 11) and a failure to accommodate and engage in the interactive process from April 12, 2023 through May 1, 2023 (¶ 12).  The mere fact that background facts are alleged in Paragraphs 5 through 9 of the Amended Complaint, does not necessarily mean that the Plaintiff is asserting claims based upon those facts.  Every Complaint in every lawsuit, typically has background facts that put the posture of the case into context.  Notably, Defendants cite to no case-law in support of their position that background facts can't be alleged in a Complaint and is subject to dismissal on that basis.  To the contrary, pleading facts not necessary to state a cause of action is not grounds for dismissal of a complaint.  *Athens Newspapers, Inc. v. Jefferson Standard Life Insurance Company*, 729 F.2d 1412, 1417 (11th Cir. 1984). Such a rule would contravene the law that pleadings should be construed to promote justice and not to trap the unwary.  *Id.*  This Court ordered that Plaintiff may not proceed upon claims for the First Charge and Plaintiff intends to follow this Court's Order.  This is simply not the basis for dismissal of the Amended Complaint.

4.      Defendant next argues that certain of Plaintiff's claims are barred based upon the fact that the Second Charge was not filed until August 27, 2024, therefore barring any claims prior to August 27, 2023. However, the tolling letter received by the EEOC on July 9, 2024, (attached as Exhibit C to the Motion to Dismiss), admits that the Second Charge was actually filed on July 26, 2023, which would signify that any claims Plaintiff asserted in the Second Charge, were timely back to July 26, 2022 (which would include all of the claims asserted in the Amended Complaint).  Contrary to the arguments of the Defendant, the EEOC tolling letter does not set forth that only Plaintiff's retaliation claims were timely it merely sets forth that the Second Charge dated August 2024 should have had a filing date of July 26, 2023.

5.      Under well-settled law, any claims set forth in an EEOC Charge or those that could have reasonably arisen from the filed EEOC Charge can be timely asserted. The proper inquiry is whether the Complaint filed with the Court "was like or related to or grew out of, the allegations contained in the EEOC Charge" *Id. See, also, Gregory v. Ga Dept of Human Res*, 355 F.3d 1277, 1280 (11th Cir. 2004)(failure of party to check a box marked retaliation does not foreclose a party from brining suit on that theory if the facts alleged in Charge could have reasonably extended to a retaliation charge*); Ira Napier v. American Federation of Govt Employees*, Case No: 13-cv-1577-T-17TBM at p. 9 (M.D. Fla. September 10, 2014)("this Court is less concerned with which box the Plaintiff checked and more concerned with the allegations contained in the complaints and notice to the EEOC").; *Liu v. Univ of Miami School of Medicine*, Case No: 15-14351 (11th Cir. May 19, 2017)(approving *Gregory)*; *Batson v. Salvation Army*, 987 F.3d 1320, 1327 (11th Circ. 2018)(holding a plaintiff could proceed on an ADA retaliation claim despite having failed

to mark the retaliation box where the retaliation claim was "inextricably linked" to her failure to accommodate claim); *Marie Jean Pierre v. Park Hotels & Resort*, Inc., Case No: 17-cv-21955-Gayles (S.D. Fla. October 4, 2017)("liberally construing Plaintiff's charge of discrimination the Court finds that while Plaintiff failed to "check the box" for retaliation, the facts alleged in her charge...could have been reasonably extended to encompass a claim for retaliation"); *Margarette Revol v. Wellington Regional Medical Center*, Case No: 19-80979 (S.D. Fla. March 16, 2020)(even though retaliation box not checked on EEOC Charge, court held that this claim was reasonably expected to grow out of the Charge); *Wisline Dorleant v. Advantage Academy of Miami*, Inc, Case No: 20-cv-21223-Bloom (S.D. Fla. October 13, 2020)("Court will not strictly construe the Charge to bar Plaintiff's retaliation claim here on a procedural technicality");*Gwynnth Quince v. Broward County*, Case No: 19-61692-CIV-GAYLES (January 24, 2020)(EEOC Charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination). Courts are even more hesitant to hold the contents of an EEOC Charge against the employee, where, as here the employee was pro se during the filing process, and it was the fault of the EEOC and not the employee. *Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982) ("An uncounseled plaintiff should not be penalized for the EEOC mistakes of law."); *Maxwell v. Express Scripts*, Inc. at p. 10 ("claimants therefore should not be penalized by errors or omissions made by persons in that agency in light of the responsibilities delegated to the EEOC.").

6.      Based upon the foregoing arguments, the Defendant's Motion to Dismiss Amended Complaint should be denied in its entirety.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 25 day of June 2026 : Counsel of Record.

Behren Law Firm
1930 N. Commerce Parkway-Suite 4
Weston, FL 33326
(954) 636-3802 - phone
(772) 252-3365 - fax
scott@behrenlaw.com

By:/Scott M. Behren/
    Scott M. Behren
    Fla Bar No. 987786