UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO: 0:26-CV-60825-WPD

YANNICK BANDALI,

               Plaintiff,

     v.

THE LEUKEMIA AND LYMPHOMA
SOCIETY, INC.,

               Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's Response to Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint ("Opposition Brief") does little to undermine the legal or factual bases supporting LLS's Motion. At the outset, Plaintiff mischaracterizes the scope of the EEOC's July 9, 2024 Tolling Letter. The Tolling Letter's plain language is unequivocal: the tolling period applies only to Plaintiff's alleged retaliatory discharge claim and nothing more. To remove any doubt regarding its limited scope, the EEOC subsequently confirmed that the additional allegations later included in Plaintiff's August 27, 2024 Charge were never raised in Plaintiff's initial correspondence with the agency and, therefore, were not subject to tolling.[1] This dispositive determination forecloses Plaintiff's attempt to broaden the reach of the Tolling Letter to claims that were never raised in his initial correspondence with the EEOC and were expressly excluded from the tolling period.

Plaintiff's Opposition Brief also oddly relies on a line of cases concerning the scope of EEOC charges and the circumstances under which related claims may proceed even when not

---

[1]     *See* discussion *infra*, Section I.

expressly identified in a charge. Those authorities, however, address materially different circumstances than those presented here, focusing on the scope of the EEOC's tolling determination. Consequently, the cases Plaintiff cites provide no basis for rescuing claims that remain time-barred because they were never included in the communications preserved by the EEOC's tolling process.

Even if the Court were inclined to overlook these threshold defects, Plaintiff's failure-to-accommodate and failure-to-engage claims (Count I) nevertheless fail because the Amended Complaint does not allege sufficient facts to support a plausible claim for relief. Plaintiff's Opposition Brief effectively concedes that the factual basis for Count I is confined to events allegedly occurring between April 12, 2023, and May 1, 2023. Yet the Amended Complaint alleges little to no <u>facts</u> during that period that would support Count I, and instead offers nothing more than conclusory allegations and formulaic recitations of legal standards that the Courts have repeatedly held are insufficient to survive a motion to dismiss.

For these reasons, and those discussed more fully below, LLS respectfully requests that the Court grant its Partial Motion to Dismiss and dismiss Count I in its entirety, as well as all retaliation claims other than Plaintiff's retaliatory discharge claim.

## I.   THE EEOC'S TOLLING LETTER APPLIES ONLY TO PLAINTIFF'S RETALIATORY DISCHARGE CLAIM.

Plaintiff's Opposition Brief rests on the inaccurate premise that the EEOC's July 9, 2024 Tolling Letter rendered timely every allegation included in his August 27, 2024 Charge.  That is simply false. The Tolling Letter itself explicitly states that the scope is limited to Plaintiff's retaliatory discharge claim alone, and the EEOC's subsequent correspondence makes absolutely clear that Plaintiff's premise is wrong. (*See* September 5, 2024 Correspondence with the EEOC

Regarding the Scope of its July 9, 2024 Tolling Letter, attached hereto as **Exhibit A**[2]; *see also* ECF No. 23-4, Def's Mtn. to Dismiss, Exhibit C, July 9, 2024 Tolling Letter.)

As the EEOC expressly explained, the Tolling Letter was issued solely to address Plaintiff's effort to pursue a charge related to his May 1, 2023 termination. (Ex. A, p. 1.) Specifically, Scott Kelly, EEOC Enforcement Manager, confirmed:

- Plaintiff's July 26, 2023 pre-charge form and subsequent communications sought to add only a claim that his discharge was retaliatory. (*Id.*); and

- "The tolling letter you received from me on July 9, 2024, only addresses that single claim. It does not toll any other allegations made in the Charging Party's new charge."

(*Id.*)

The EEOC specifically distinguished between Plaintiff's retaliatory discharge claim — which it deemed timely — and the additional allegations raised in the August 27, 2024 Charge, which were never included in Plaintiff's July 26, 2023 submission and which were deemed untimely. (*See* Ex. A.) Thus, the very agency that issued the Tolling Letter confirmed that the tolling period extends only to Plaintiff's retaliatory discharge claim and does not apply to any other allegations later included in Plaintiff's Second Charge. (*Id.*)

Accordingly, Plaintiff cannot use the Tolling Letter as a vehicle to revive claims that were never presented to the EEOC during the applicable limitations period. Because the tolling period

---

[2] The attached correspondence is from Scott Kelley, Enforcement Manager at the EEOC's Miami District Office. Mr. Kelly is the individual who authorized and signed the July 9, 2024 Tolling Letter. (*See* ECF No. 23-4, Def's Mtn. to Dismiss, Exhibit C, July 9, 2024 Tolling Letter.) The Court may rely on the EEOC's correspondence without converting LLS' Motion to Dismiss to one for summary judgment. *See Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) ("in ruling on DHS's Rule 12(b)(6) motion to dismiss based solely on exhaustion of administrative remedies and not on the merits of Tillery's claims, the district court did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion"); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding that the district court did not err in considering the exhibits attached to the defendant's motion to dismiss because they were central to the claims in plaintiff's complaint and were undisputed.)

applies only to Plaintiff's retaliatory discharge claim, any other allegations occurring before the limitations cutoff remain untimely as a matter of law. The Court should therefore reject Plaintiff's attempt to broaden the scope of the Tolling Letter beyond the narrow circumstances identified by the EEOC and dismiss all claims dependent upon Plaintiff's impermissible expansion.

## II.     PLAINTIFF'S AUTHORITIES DO NOT SALVAGE HIS UNTIMELY FAILURE-TO-ACCOMMODATE AND FAILURE-TO-ENGAGE CLAIMS.

To the extent Plaintiff argues that his failure-to-accommodate and failure-to-engage claims are timely because the EEOC deemed his retaliatory discharge claim timely, that argument misses the mark. Failure to accommodate and failure-to-engage are separate claims that must independently satisfy applicable administrative requirements. *Helmke v. City of Port St. Lucie*, No. 22-CV-14398, 2023 WL 3178561, at *3 (S.D. Fla. Apr. 12, 2023), *report and recommendation adopted*, No. 22-14398-CIV, 2023 WL 3172613 (S.D. Fla. May 1, 2023) ("Because a claim for failure to accommodate involves discrete acts of alleged discrimination rather than a continuing violation, a plaintiff must file an EEOC charge within 300 days of the denial of the accommodation."); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Here, the EEOC expressly confirmed that the July 9, 2024 Tolling Letter applies only to Plaintiff's retaliatory discharge claim because Plaintiff's July 2023 communications with the EEOC raised only that claim. (*See* Ex. A.) Plaintiff's failure-to-accommodate allegations were not included in those communications and therefore were not preserved by the tolling process. (*Id.*)

Plaintiff nevertheless relies on several cases in his Opposition Brief for the proposition that claims reasonably related to an EEOC charge may be pursued even if not specifically identified. (ECF No. 26 at ¶ 5.) But those cases addressed a different issue. In each, the court considered

whether a claim could proceed because it was reasonably encompassed within a timely charge already before the EEOC. For example, in *Gregory v. Ga. Dep't of Hum. Res.*, the plaintiff filed a timely charge with the EEOC asserting race and gender discrimination claims against her employer, but did not assert a retaliation claim. 355 F.3d 1277, 1280 (11th Cir. 2004). The defendant claimed plaintiff failed to properly exhaust her retaliation claim merely because she did not check the box indicating retaliation. (*Id.*) The Court concluded plaintiff's retaliation claim was exhausted because the charge explicitly asserted that she was terminated shortly after reporting discriminatory conduct to her supervisor and without any legitimate reason. (*Id.* at 1279-1280).[3] Those essentially clerical errors is not remotely the issue here.

Indeed, LLS's motion to dismiss is not based on some minor failure by Plaintiff to correctly label his accommodation claims in the August 27, 2024 Charge.  Rather, the EEOC has already confirmed that Plaintiff's 2023 communications — the communications preserved by the Tolling Letter —asserted only a retaliatory discharge claim and "did not contain other allegations".  (Ex. A.)  Thus, unlike the irrelevant cases cited by Plaintiff, this case does not involve whether a related claim can be inferred from a timely filing. Instead, it involves allegations that were never presented during the period preserved by the tolling process and were not added until the August 27, 2024 Charge. The later-filed Charge cannot retroactively render those separate accommodation allegations timely.

---

[3]     The other cases Plaintiff cites repeat a similar scenario — a timely discrimination charge submitted to the EEOC alleging discrimination and purported protected activity, but merely failing to check the retaliation box on the form. *See Batson v. Salvation Army*, 897 F.3d 1320, 1327-28 (11th Cir. 2018) (holding that plaintiff's retaliation claim was administratively exhausted because the timely charge included sufficient facts to recognize a retaliation claim); *Revol v. Wellington Reg'l Med. Ctr.*, No. 19-80979-CIV, 2020 WL 1244866, at *3-4 (S.D. Fla. Mar. 16, 2020) (same); *Dorleant v. Advantage Acad. of Miami, Inc.*, No. 20-CV-21223, 2020 WL 6044501, at *5 (S.D. Fla. Oct. 13, 2020) (same); *Quince v. Broward Cnty.*, No. 19-61692-CIV, 2020 WL 409535, at *2-3 (S.D. Fla. Jan. 24, 2020) (same).

Accordingly, Plaintiff's authorities are entirely inapposite and do nothing to oppose LLS' position. Even if Plaintiff timely exhausted a retaliatory discharge claim arising from his May 1, 2023 termination, that does not revive separate failure-to-accommodate and failure-to-engage claims that were never included in the communications the EEOC deemed timely and preserved through tolling.

**III.   ALL APART FROM IT BEING BARRED AS UNTIMELY, PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A PLAUSIBLE FAILURE-TO-ACCOMMODATE AND FAILURE-TO- ENGAGE CLAIM.**

All apart from the fact that Plaintiff's failure-to-accommodate and failure-to-engage claim (Count I) is barred as untimely as discussed above, it fails as a matter of law because the Amended Complaint fails to set forth any facts that could establish a plausible claim upon which relief can be granted.  Plaintiff's Opposition Brief concedes that Count I is limited to the events allegedly occurring between April 12, 2023 and May 1, 2023. (ECF No. 26 at ¶ 33.) To state a failure to accommodate claim under the ADA, a plaintiff must allege facts showing that (1) she is disabled; (2) she is a qualified individual; and (3) she was discriminated against by way of the defendant's failure to provide a reasonable accommodation. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

Plaintiff fails to satisfy his burden at the pleading stage. For example, within this limited date range, Plaintiff alleges only that he received a communication from The Hartford — not LLS — regarding an unspecified accommodation request on April 27, 2023. (ECF No. 20 at ¶ 10.) Plaintiff does not allege what accommodation was requested, whether any request was pending at that time, or how this communication supports a failure-to-accommodate claim. Plaintiff next alleges that, on April 29, 2023, he sent an email to two individuals regarding issues with his manager and the impact those unspecified issues had on his mental health. (*Id.* at ¶ 11.) Notably,

6

Plaintiff does not allege that he requested an accommodation in that email, that LLS rejected any accommodation request, or that any discussion concerning accommodations occurred as a result of the email. Plaintiff then concludes with the blanket assertion that LLS failed to engage in the interactive process and provide reasonable accommodations between April 12, 2023 and May 1, 2023. (*Id.* at ¶ 12.) That allegation, however, is nothing more than a formulaic recitation of the elements of a claim, devoid of supporting factual substance. Absent from this date range in Plaintiff's Amended Complaint are allegations identifying a specific accommodation request during this period, LLS' response to such request, or any facts demonstrating how LLS allegedly failed to engage in the interactive process. Such conclusory allegations are insufficient to state a plausible claim for relief. *See Burnside v. Inst. of Nuclear Power Operations*, No. 1:24-CV-00299-MLB-JEM, 2025 WL 4718804, at *6 (N.D. Ga. Aug. 27, 2025) (dismissing failure-to-accommodate claim where the cited allegations failed to identify the requested accommodation or explain how the employer allegedly failed to accommodate plaintiff, holding that such conclusory allegations could not plausibly support the claim).  Accordingly, Count I should be dismissed in its entirety on this basis as well.

## IV.    CONCLUSION

Plaintiff's Opposition Brief confirms, rather than cures, the defects in his Amended Complaint. The EEOC expressly confirmed that the July 9, 2024 Tolling Letter applies only to Plaintiff's retaliatory discharge claim and does not toll any other allegations asserted in the Second Charge.  Further, Plaintiff concedes that Count I is limited to events occurring between April 12, 2023 and May 1, 2023, yet the Amended Complaint alleges no facts sufficient to plausibly support a failure-to-accommodate or failure-to-engage claim.

Accordingly, LLS respectfully requests that the Court grant its Partial Motion to Dismiss, dismiss Count I in its entirety, and dismiss all claims other than Plaintiff's retaliatory discharge claim.

DATED: July 9, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Alexandre S. Drummond*

Alexandre S. Drummond
Florida Bar No. 038307
SEYFARTH SHAW LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, GA  30309
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
Email:  adrummond@seyfarth.com

*Counsel for Defendant*
*The Leukemia and Lymphoma Society, Inc.*

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO: 0:26-CV-60825-WPD**

YANNICK BANDALI,

       Plaintiff,

   v.

THE LEUKEMIA AND LYMPHOMA
SOCIETY, INC.,

       Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I presented the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

 

*/s/ Alex S. Drummond*
Alex S. Drummond
*Counsel for Defendant*
*The Leukemia and Lymphoma Society, Inc.*